SHEPPARD, MORGAN AND SCHWAAB, INC., Plaintiff-Appellee, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellant.

Fifth District   No. 76-78

Opinion filed November 18, 1976.

David B. Stutsman and Donald J. Dahlmann, both of Walker & Williams, P. C., of Belleville, for appellant.

Robert E. Ryan, of Alton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a declaratory judgment entered by the circuit court of Madison County construing certain provisions of a liability insurance policy issued by the defendant, United States Fidelity and Guaranty Company.

The plaintiff, Sheppard, Morgan and Schwaab, Inc., an engineering firm, brought this action seeking a declaratory judgment to require the defendant to defend a lawsuit brought against the present plaintiff, by one John Saley. The plaintiff also sought an award of attorney fees and expenses incurred in the defense of the said suit. The court found that the Saley complaint stated a claim potentially within the coverage of the policy issued by this defendant and that this defendant breached the

contract of insurance issued this plaintiff in refusing to defend and is now estopped to deny coverage; and ordered this defendant to proceed with the defense of this plaintiff and make payment of reasonable attorney fees and expenses incurred in the defense of the Saley case. From such order this defendant has appealed.

The facts were stipulated by the parties and are as follows: the plaintiff was insured under insurance policy # CC457386 entitled "Comprehensive General Liability Insurance" in 1973. The plaintiff herein was sued in Madison County circuit court as a defendant in the case of John Saley v. City of Alton, a municipal corporation, and, Sheppard, Morgan & Schwaab, Inc., a corporation. Sheppard, Morgan & Schwaab then tendered the case to United States Fidelity and Guaranty Company for defense. The defendant, after investigation, determined that there was no coverage under the terms of the said policy and refused to defend on the grounds of a policy exclusion, whereupon the plaintiff retained its own counsel.

In the Saley complaint it was alleged, among other things, that the plaintiff was guilty of negligence which had resulted in Saley's injuries in that the plaintiff had failed to properly supervise the construction of sewers on a job that it had engineered and that there had been a violation of the Structural Work Act because of improper supervision.

The court received into evidence the insurance policy in question, the Saley complaint, as well as the letters from the defendant to plaintiff, the first letter acknowledging receipt of the Saley summons and complaint with a "limited acceptance," and also the letter refusing to defend the Saley suit.

The policy contained the following language:

"This endorsement modified such insurance as is afforded by the provisions of the policy relating to

Comprehensive General Liability
Insurance
Manufacturers' and Contractors' Liability
Insurance
Owners', Landlords' and Tenants' Liability
Insurance

EXCLUSION

(Engineers, Architects or Surveyors Professional Insurance)
It is agreed that the insurance does not apply to bodily injury or property damage arising out of any professional services performed by or for the Named Insured, including

1. the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and

2. supervisory, inspection or engineering services."

The Saley complaint alleged in Count II:

"1. That on February 5, 1973 and for some time prior thereto * * *, Sheppard, Morgan & Schwaab, Inc., a corporation, was engaged in the business of engineering * * * furnishing plans and specifications, consultation and supervision, of various construction projects * * *.

2. Prior to the date aforesaid, the City of Alton, had contracted with and retained * * *, Sheppard, Morgan & Schwaab, Inc., an engineering firm to do the necessary engineering work on the construction of sewers in the City of Alton and to *supervise the construction* of said sewers. (Emphasis ours.)

6. That the defendants, or its agents and employees, were guilty of one or more of the following negligent acts or omissions:

(a) Negligently and carelessly failed to supervise and inspect the trench as used to determine whether or not it was safe to use.

(b) Negligently and carelessly failed to require shoring be used in the excavation, although the defendant knew or in the exercise of ordinary care should have known that the absence of shoring rendered the trench unsafe for workmen, and particularly the plaintiff.

(c) Negligently and carelessly failed to stop the work until the unsafe condition had been remedied, although the defendants knew or in the exercise of reasonable care should have known that the trench as constructed was inadequate and unsafe.

(d) Otherwise negligently and carelessly failed to apply to the work under its supervision, the degree of skill and care for safety which would customarily be exercised on such work by competent engineers."

Count IV of the Saley complaint alleged that the plaintiff herein "knowingly violated, * * * the Structural Work Act in that it, while acting in its supervisory capacity as engineer for the sewer installation under construction, wilfully and knowingly failed to require shoring in a trench dug for said sewers under construction, well knowing that such failure to require shoring was inadequate and unsafe under such conditions, and thereby failed to give adequate and proper protection to the life and limb of any person or persons employed thereon."

■■■ The law is clear that an insurer must defend an insured when a complaint has been filed against the insured when the allegations of the complaint are sufficient to bring the case either within or potentially within the policy coverage. (*Country Mutual Insurance Co. v. Murray*, 97 Ill. App. 2d 61, 239 N.E.2d 498; *McFadyen v. North River Insurance Co.*,

62 Ill. App. 2d 164, 209 N.E.2d 833; *Sims v. Illinois National Casualty Co.,* 43 Ill. App. 2d 184, 193 N.E.2d 123; *Fragman Construction Co. v. Preston Construction Co.,* 1 Ill. App. 3d 1002, 274 N.E.2d 614.) It is also clear that the duty of the insurer to defend is separate and distinct from and is broader than its duty to indemnify the insured. *Sprayregen v. American Indemnity Co.,* 105 Ill. App. 2d 318, 245 N.E.2d 556.

The defendant presents two issues for review; we need consider only the first. The defendant contends that the trial court erred in ruling that the policy provided potential coverage for the complaint brought against the plaintiff. Stated another way, "Did the allegations of the Saley personal injury complaint state a claim that the policy of insurance issued by the defendant was designed to cover?"

A thorough review of the "exclusion" provision of the policy and the allegations contained in the Saley complaint force us to conclude that the court below erred. We note the case of *Wheeler v. Aetna Casualty & Surety Co.,* 11 Ill. App. 3d 841, 298 N.E.2d 329, judgment directed to be vacated on grounds of mootness in 57 Ill. 2d 184, 311 N.E.2d 134. The appellate court stated at page 854:

> "In conclusion, we are of the considered opinion that, in the case at bar, the allegations of the basic injury complaint are such as to fit precisely into the Professional Liability exclusion set forth in the defendant Aetna's Public Liability policy * * *."

■■ The court was considering the identical exclusion provision before us. The basis for determining whether or not a cause of action falls within the coverage of an insurance policy is solely from the language of the complaint. *Country Mutual Insurance Co. v. Murray,* 97 Ill. App. 2d 61, 71, 239 N.E.2d 498, 504, citing *McFadyen v. North River Insurance Co.,* speaking of the insurer's duty to defend:

> " ' * * * it is predicated upon the allegations in the complaint * * * and when such allegations state facts which bring the case within, or potentially within, the coverage of the policy * * *.'
>
> Thus, in each instance, it becomes necessary to review the content of the complaint, and, if taken at face value, it is found to allege a cause of action which the policy is designed to cover, the company is then compelled to defend its insured * * *."

The converse must, therefore, be appropriate and apply.

■■ We find no ambiguity in the "exclusion" and construing the terms most stringently against the insurer, we find that the insurer has met the burden of going forward and affirmatively demonstrating the applicability of the exclusion. The insured is thus not entitled to the relief sought. We reject plaintiff's contention that the provisions of sections 2 and 3(9) of the Illinois Professional Engineering Act (Ill. Rev. Stat. 1975, ch. 48½, pars. 33 and 34(9)) defining the practice of professional

engineering for licensing purposes is here applicable, since the exclusion itself in unambiguous language defines professional services as that term was contemplated by the parties.

The judgment of the circuit court of Madison County is reversed and this cause is remanded to said court for the entry of judgment consistent with this opinion.

KARNS, P. J., and JONES, J., concur.