UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff-Appellee, v. CONTINENTAL CASUALTY COMPANY, Defendant-Appellant.

First District (4th Division)   No. 85—1721

Opinion filed February 19, 1987.—Rehearing denied April 9, 1987.

Haskell & Perrin, of Chicago (Stephen Sonderby and Stephen J. Krigbaum, of counsel), for appellant.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Henry J. Marquard and Nancy Jo Arnold, of counsel), for appellee.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Continental Casualty Company (Continental) appeals from the order of the circuit court of Cook County that allowed the motion for summary judgment of United States Fidelity & Guaranty Company (USF&G) on USF&G's action for declaratory judgment. USF&G sought a determination that its insurance policy covering certain activities of Hansen, Lind & Meyers (HLM), an architectural firm, did not obligate USF&G to defend or indemnify HLM with respect to HLM's alleged liability for personal injuries sustained by a worker at a jobsite at which HLM was allegedly in charge of the construction work.

USF&G's "multi-peril" insurance policy to HLM excluded from coverage personal injury or property damage arising from the firm's provision of "professional services." Continental's insurance with HLM covered liability for errors, omissions, or negligent acts resulting from HLM's performance of "professional services." The trial court found that HLM's alleged control of construction work amounted to the performance of professional services. It determined that USF&G policy's exclusion for professional services coverage applied and that Continental was obligated to defend and indemnify HLM pursuant to its professional liability policy with HLM.

On appeal, Continental argues that genuine issues of material fact precluded the entry of summary judgment in favor of USF&G. Assuming there were no such issues presented to prevent the entry of summary judgment, Continental also maintains that the services which HLM provided, according to the allegations of the underlying personal injury suit, do not fall within the purview of USF&G's policy exclusion and do not require Continental to defend or indemnify HLM pursuant to Continental's professional liability insurance coverage with HLM.

We conclude that there were no genuine issues of material fact presented to prevent the trial court's entry of summary judgment. We also determine that the services which HLM allegedly provided according to the underlying personal injury suit amounted to "professional services" covered by Continental's liability insurance with HLM. As a result, the order of the circuit court is affirmed.

BACKGROUND

Warren Priemann (Priemann) allegedly sustained injuries on April 2, 1982, while he was engaged in construction work at St. Francis Hospital in Evanston, Illinois. His complaint alleges in pertinent part that HLM was the architect on the jobsite, that it had charge of the

work being performed at the time of the occurrence and the construction generally, and that the injury he sustained when he fell through an unprotected, unguarded, and inadequate skylight was proximately caused by HLM's failure to comply with the provisions of the Illinois Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69).

Defense of the Priemann action was tendered to both USF&G and Continental. Each company agreed to defend HLM under reservations of rights subject to the disposition of USF&G's instant declaratory judgment action. Continental filed an answer to USF&G's pleading and also filed a counterclaim for declaratory relief to the effect that USF&G's policy obligated USF&G to defend and indemnify HLM with respect to Priemann's claim.

At the time of Priemann's alleged injury, USF&G's policy with HLM provided that USF&G would "pay on behalf of the insured all sums which the insured shall become liable to pay as damages because of (a) bodily injury, or (b) property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage even if any of the allegations of the suit are groundless, false or fraudulent." An endorsement to the policy provided that the "insurance does not apply to bodily injury or property damage arising out of the rendering of or the failure to render any professional services by or for the named insured, including (1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications; and (2) supervisory, inspection or engineering services."

Continental's insurance policy with HLM stated that Continental agreed "to pay on behalf of the insured all sums in excess of the insured's deductible, which the insured shall become legally obligated to pay as damages if such legal liability arises out of the performance of professional services for others in the insured's capacity as an architect or engineer and if such legal liability is caused by an error, omission or negligent act of the insured or any person or organization for whom the insured is legally liable."

USF&G's motion for summary judgment argued that HLM's potential liability for Priemann's alleged construction-site injuries could be based only on HLM's fault in connection with its professional architectural services within the purview of the Continental professional liability policy of insurance and within the meaning of the professional-services exclusion endorsed to the USF&G policy. Continental opposed the motion and filed a cross-motion for summary judgment on its counterclaim for declaratory relief.

In allowing USF&G's motion for summary judgment, the trial court specifically found that the professional-services exclusion of the USF&G policy was applicable and that no coverage or duty to defend existed under the USF&G insurance policy. The trial court also determined that there was coverage and a duty to defend under Continental's policy. Continental appeals from the trial court's entry of summary judgment in favor of USF&G on its declaratory judgment action.

OPINION

█ Summary judgment is properly entered where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c); see *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) Continental argues that there are such genuine issues of material fact because evidence pertaining to Priemann's complaint may establish that HLM's activities at the jobsite were more in the nature of a "design/ build architect" rather than a "traditional architect." As explained by Continental, a "traditional architect's" duties during construction are limited to occasional supervision of activities at the jobsite, whereas a "design/build architect's" responsibilities during construction entail broad, daily supervisory functions more in the nature of a general contractor. (See generally Block, *As the Walls Came Tumbling Down: Architects' Expanding Liability Under Design-Build/Construction Contracting*, 17 John Marshall L. Rev. 1 (1984).) Based upon this distinction, Continental reasons that because its professional liability insurance policy covered only HLM's "traditional architectural" services, and not HLM's "design/build architectural" services, Continental would not be obligated to defend or indemnify HLM with regard to Priemann's Structural Work Act claim.

█ █ The possibility that the evidence to support Priemann's claim may vary from the allegations in his complaint does not relieve Continental of a duty to defend HLM in Priemann's claim. In determining whether an insurer has a duty to defend or indemnify an insured, this court must look to the allegations of the underlying complaint. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 393, 442 N.E.2d 245.) Priemann alleges that HLM was the "architect," that HLM was "in charge of" construction at the jobsite, and that it failed to perform certain acts in this capacity which proximately caused Priemann's injury. These factual allegations pertain to HLM's performance of "professional services," and fall within the purview of Continental's professional liability policy. (See *Sheppard,*

*Morgan & Schwaab, Inc. v. United States Fidelity & Guaranty Co.* (1976), 44 Ill. App. 3d 481, 358 N.E.2d 305; *Wheeler v. Aetna Casualty & Surety Co.* (1973), 11 Ill. App. 3d 841, 298 N.E.2d 329, *vacated as moot* (1974), 57 Ill. 2d 184, 311 N.E.2d 134.) Accordingly, the trial court did not err in entering summary judgment in favor of USF&G.

Continental contends that its suggested distinction between a "traditional architect" and a "design/build architect" is inherent in the allegations of Priemann's Structural Work Act claim. Continental maintains that because its professional liability insurance policy covered only HLM's "traditional architectural services," but not HLM's performance of design/build architectural services," Continental is not obligated to defend or indemnify HLM with regard to Priemann's claim.

Even if we assume *arguendo* that Priemann's allegations refer to "design/build" architectural services, we are not persuaded that Continental's professional liability policy does not apply to such circumstances. Continental's policy does not define the terms "architect" or "professional services." The policy also does not specifically exclude claims arising from HLM's jobsite activities as a "design/build" architect, even though it excludes from coverage claims arising out of specified activities performed by HLM at a jobsite (such as surveys of subsurface conditions or ground tests). Continental's distinction between a "traditional architect" and a "design/build" architect is not reflected in its policy coverage. As a result, Continental's suggested reasoning does not support the conclusion that HLM's alleged activities do not amount to "professional services" covered by Continental's policy.

■ Continental also urges that the trial court's order was erroneous because it relieved USF&G of a duty to defend HLM, as well as any responsibility to indemnify HLM. Continental maintains that USF&G has an obligation to defend HLM in the Priemann action even if it is later determined that USF&G has no duty to indemnify HLM with respect to the lawsuit. An insurer's duty to defend is determined by its contractual obligations and according to the allegations of the underlying suit. (See *Tuell v. State Farm Fire & Casualty Co.* (1985), 132 Ill. App. 3d 449, 452, 477 N.E.2d 70.) USF&G's policy expressly states that "the insurance does not apply to bodily injury or property damage arising out of the rendering of or failure to render any professional services" by HLM. Because the terms of the policy expressly exclude a duty to defend or indemnify in the event that liability resulted from the performance of "professional services," and because the allegations of Priemann's complaint indicate

that HLM's liability is premised upon HLM's performance of "professional services," there was no coverage under the USF&G policy and USF&G has no duty to either defend or indemnify HLM in the Priemann action.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.