MOTOR VEHICLE CASUALTY COMPANY, Plaintiff-Appellant and Cross-Appellee, v. GSF ENERGY, INC., *et al.*, Defendants (Hatfield Electric Company, Defendant-Appellee and Cross-Appellant).

First District (6th Division)   No. 1—89—1027

Opinion filed December 29, 1989.

Kiesler & Berman, of Chicago (Robert L. Kiesler and Jeanne M. Zeiger, of counsel), for appellant.

Lewis, Overbeck & Furman, of Chicago (Paul V. Esposito, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff-appellant and cross-appellee, Motor Vehicle Casualty Company, appeals from an order of the circuit court of Cook County denying its motion for summary judgment and granting summary judgment to defendant-appellee and cross-appellant, Hatfield Electric Company. Motor Vehicle contends that the trial court improperly found it had a duty to defend Hatfield against an allegation predicated on a contractual indemnity provision and that, accordingly, it had a duty to defend the entire underlying third-party action brought against Hatfield by GSF Energy, Inc. (formerly known as Getty Synthetic Fuels, Inc., and referred to herein as GSF). Hatfield cross-appeals, contending that the trial court erred insofar as it ruled that, although Motor Vehicle was obligated to defend Hatfield against the contractual indemnity count and accordingly against the entire third-party action, it had no independent duty to indemnify Hatfield against the contribution claim or to defend Hatfield against the failure to procure insurance claim.

The parties have stipulated to the following facts. Motor Vehicle issued a general liability policy to Hatfield with coverage commencing on April 1, 1983, and expiring on April 1, 1986. Under Coverage E, the policy provided comprehensive general liability insurance for bodily injury. The policy contained numerous exclusions from coverage. Exclusion (j) stated that Coverage E does not apply

"to bodily injury to any employee of the Insured [Hatfield] arising out of and in the course of his employment by the Insured or to any obligation of the Insured to indemnify another because of damage arising out of such injury."

Exclusion (j) further provided that the exclusion does not apply to liability assumed by the insured under any incidental contracts. The term "incidental contract" was defined in a rider to the policy as "any contract or agreement relating to the conduct of the Named Insured's business." The rider also contained certain exclusions to the insurance afforded with respect to liability assumed under an incidental contract. Specifically, the exclusion provided that coverage does not apply

"to bodily injury or property damage for which the Insured [Hatfield] has assumed liability under any incidental contract, if such injury or damage occurred prior to the execution of the incidental contract."

On December 15, 1983, Hatfield orally contracted to perform electrical work at the GSF refinery located in Blue Island, Illinois. On December 20, 1983, Hatfield's employee, Clements, sustained injuries while working at the refinery. On January 25, 1984, the December 15, 1983, oral contract was memorialized by GSF's purchase order. Hat-

field accepted the contract on February 14, 1984. The parties have stipulated that witnesses for both GSF and Hatfield would testify that when the parties entered the oral contract, they intended that the terms and conditions recited in the purchase order would be binding upon them as of the time they entered into the oral contract.

The written contract between Hatfield and GSF contained a number of relevant provisions. It provided that Hatfield would "maintain adequate protection for all work and materials furnished thereunder from damage or loss." Additionally, Hatfield agreed to defend and indemnify GSF from liability for Hatfield's negligence.

In 1985, Clements brought suit against GSF. Clements alleged in his amended complaint that GSF violated the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60 et seq.). Specifically, Clements alleged that GSF was in charge of the construction at the refinery and that GSF violated the provisions of the Structural Work Act in that the ladder Clements was using was unsafe, and that GSF should have provided him with a ladder which allowed for firm footing during his installation of the electrical conduit.

GSF denied the material allegations of the amended complaint and subsequently filed a two-count, third-party action against Hatfield. In count I, GSF sought contribution under the Illinois Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 et seq.). In count II, GSF sought indemnity for breach of contract. In that regard, GSF alleged that Hatfield failed to assume full responsibility for providing a safe place of work for Clements to work; failed to obtain insurance to protect GSF as provided for in the agreement; and failed to provide proper equipment and supervision for work done under the agreement.

Motor Vehicle filed a request for declaratory relief. Motor Vehicle sought a declaration that it had no duty to defend or indemnify Hatfield with respect to count I of GSF's third-party action. Motor Vehicle alleged that it had no such duty because the employee exclusion of Hatfield's policy bars coverage for a contribution action based on Hatfield's tort liability to its employees. In count II of its complaint for declaratory relief, Motor Vehicle sought a declaration that it had no duty to defend or indemnify Hatfield with regard to count II of GSF's third-party action because Hatfield's contractual liability coverage specifically excludes retroactive coverage for injuries which occurred prior to the execution of the contract. Count III of Motor Vehicle's complaint alleged that Motor Vehicle was not required to defend or indemnify Hatfield from Hatfield's alleged failure to procure insurance for GSF. Count IV alleged that any agreement by Hatfield to indemnify GSF for GSF's negligence was void as against public policy, and therefore, that

Motor Vehicle was not obligated to defend or indemnify Hatfield from the contractual indemnity claim.

Both Hatfield and Motor Vehicle moved for summary judgment on all four counts of Motor Vehicle's complaint. The trial court found in favor of Hatfield on all four counts. The court found that no exclusionary language in the policy would operate to bar coverage. The court concluded that Motor Vehicle had a duty to defend Hatfield against all of the allegations contained in GSF"s third-party complaint. The court predicated its ruling on its determination that Motor Vehicle had a duty to defend Hatfield against the allegations contained in count II of the third-party complaint that Hatfield failed to provide a safe place to work and failed to provide proper equipment. The court reasoned that this determination triggered a duty to defend the remaining allegations of the complaint, although Motor Vehicle had no independent duty to defend these allegations. The court additionally found that the indemnification provision relating to count II of the third-party complaint did not violate the public policy of Illinois because the provision required Hatfield to indemnify GSF for Hatfield's negligence, not GSF"s negligence. The court noted, however, that its decision addressed only the issue of Motor Vehicle's duty to defend and not Motor Vehicle's duty to indemnify. Similarly, we will address only the duty to defend issue.

■ Initially we note that Hatfield's position that Motor Vehicle's declaratory action was premature is incorrect. When an insurer is uncertain as to whether it should defend or refuse to defend, the filing of a declaratory judgment action to determine its obligations and rights is not premature. (*Gibraltar Insurance Co. v. Varkalis* (1970), 46 Ill. 2d 481, 263 N.E.2d 823; *Apex Mutual Insurance Co. v. Christner* (1968), 99 Ill. App. 2d 153, 240 N.E.2d 742.) Accordingly, Motor Vehicle's request for declaratory relief was appropriate.

■ Motor Vehicle first contends that its policy, in the exclusionary provisions of the rider, specifically precludes coverage for injuries which occurred prior to the execution of an incidental contract. Motor Vehicle notes that Clements sustained his injuries before the written contract was executed. The trial court, however, found that the operative contract was the oral contract entered into on December 15, 1983, and that the written contract merely memorialized the terms of the oral contract. Accordingly, the trial court found that the exclusionary provisions of Motor Vehicle's policy did not apply. Our review of the record reveals no evidence to the contrary, and therefore, we find that the trial court properly determined that the December 15, 1983, oral contract controlled.

Because the trial court predicated its determination that Motor Vehicle was obligated to defend the entire underlying third-party action on its finding that Motor Vehicle had a duty to defend the allegations based on contractual indemnity, we first will address the propriety of this finding. Motor Vehicle contends that the indemnity agreement contained in Hatfield's construction contract is void as against the public policy of Illinois, as embodied in "An Act in relation to certain contracts" (the Indemnity Act). (Ill. Rev. Stat. 1983, ch. 29, par. 61.) Accordingly, Motor Vehicle concludes that it need not defend Hatfield in an action to enforce that agreement. The trial court, however, found that the indemnity provision at issue merely required Hatfield to indemnify GSF for Hatfield's negligence, not for GSF's own negligence. Thus the court concluded that the provision did not violate the Indemnity Act. We believe that although the trial court's interpretation of the provision was correct, its conclusion that the provision did not violate the Act was erroneous.

The Indemnity Act provides as follows:

"With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable." (Ill. Rev. Stat. 1983, ch. 29, par. 61.)

The indemnity agreement between Hatfield and GSF provides as follows:

"Indemnity. Contractor [Hatfield] hereby agrees to defend, indemnify and hold harmless Getty [GSF] and its agents and employees from and against any and all suits, liability, actions, claims, damages, losses and expenses, including reasonable attorneys' fees, for injury or death to person(s) or from damage or loss to property, to include contractors tools, equipment, materials and supplies arising out of or in connection with the performance of the work, the furnishing of the materials or the completion of the project by Contractor [Hatfield] or by any subcontractor, agent or employee of Contractor [Hatfield]."

It is clear from the plain language of the indemnity agreement that Hatfield expressly agreed to indemnify GSF against Hatfield's own negligence, not against GSF's own negligence. Accordingly, on its face, the agreement does not violate the Indemnity Act. (See *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946; *John*

*Griffiths & Son Co. v. National Fireproofing Co.* (1923), 310 Ill. 331, 141 N.E. 739.) Nonetheless, in the context of a Structural Work Act action, a different result obtains.

■■ Here, in order for GSF to invoke the protection afforded by the indemnity agreement contained in its contract with Hatfield, it first must be found liable to Clements for a violation of the Act. In any action under the Structural Work Act, if a party is found to be liable to the plaintiff, there necessarily has been a determination of that party's culpability. (*Ryan v. E.A.I. Construction Corp.* (1987), 158 Ill. App. 3d 449, 511 N.E.2d 1244.) Liability under the Structural Work Act specifically requires a finding that the defendant "wilfully violated" the statute, even if the defendant is only passively or technically negligent. (*Ryan v. E.A.I. Construction Corp.* (1987), 158 Ill. App. 3d 449, 511 N.E.2d 1244; *Cox v. Lumbermens Mutual Casualty Co.* (1982), 108 Ill. App. 3d 643, 439 N.E.2d 126; Ill. Rev. Stat. 1983, ch. 48, par. 69.) Thus, in this setting, GSF must first have been found to have wilfully violated the Structural Work Act before it can look to Hatfield for indemnification. The underlying implication is an attempt to uphold an express agreement to reimburse GSF for liability directly attributable to its own violation of the Act, not liability imposed vicariously or strictly. This is the type of agreement that is proscribed by the Indemnity Act. (*Hibbler v. Ockerlund Construction Co.* (1985), 130 Ill. App. 3d 30, 473 N.E.2d 597. See also *Stifle v. Marathon Petroleum Co.* (7th Cir. 1989), 876 F.2d 552.) A contract which purports to relieve a tortfeasor of some or all of its liability, premised upon its own negligence, cannot stand in light of the Indemnity Act. *Stiffle v. Marathon Petroleum Co.* (7th Cir. 1989), 876 F.2d 552, 559.

Accordingly, we conclude that the trial court erred in concluding that the indemnity provision contained within the contract between Hatfield and GSF did not violate the Indemnity Act. We find that the indemnification agreement, as it purports to indemnify GSF for liability arising exclusively from Hatfield's work performance, does not run afoul of the Indemnity Act. Nevertheless, we find that the interpretation which necessarily flows from GSF's attempt to invoke the protection of that agreement would result in a violation of the Indemnity Act. Therefore, the provision is void as against the public policy of Illinois, and GSF cannot prevail in its attempt to have Hatfield indemnify it pursuant to that provision.

Having determined that the indemnity agreement which GSF attempts to invoke is void as against public policy, we next must determine whether Motor Vehicle nonetheless has a duty to defend Hatfield in that action.

■ The law is clear that an insurer must defend an insured when a complaint has been filed against the insured when the allegations of the complaint are sufficient to bring the case either within or potentially within the policy coverage. (*Sheppard, Morgan & Schwaab, Inc. v. United States Fidelity & Guaranty Co.* (1976), 44 Ill. App. 3d 481, 358 N.E.2d 305; *Country Mutual Insurance Co. v. Murray* (1968), 97 Ill. App. 2d 61, 239 N.E.2d 498; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 209 N.E.2d 833.) Underlying this rule is the principle that the duty to defend is broader than the duty to pay. (*Aetna Casualty & Surety Co. v. Coronet Insurance Co.* (1976), 44 Ill. App. 3d 744, 358 N.E.2d 914.) Nonetheless, when the complaint alleges facts which, if true, would exclude coverage, the potentiality of coverage is not present and the insurer has no duty to defend. *Aetna Casualty & Surety Co. v. Coronet Insurance Co.* (1976), 44 Ill. App. 3d 744, 358 N.E.2d 914.

■ We believe that GSF's third-party complaint against Hatfield alleges facts which exclude coverage. In count II of the third-party complaint, GSF seeks indemnification from Hatfield for "any costs, fees, judgments, settlements or expenses experienced by HATFIELD ELECTRIC COMPANY in defending against the action brought by the plaintiff [Clements] and in prosecuting this Third Party Complaint." We assume that the quoted language should read that GSF seeks indemnification from Hatfield for "any costs, fees, judgments, settlements or expenses experienced by *GETTY* [GSF] in defending against the action brought by the plaintiff and in prosecuting this Third Party Complaint."

As we noted earlier, the basis for GSF's count II is the indemnification provision of the contract between GSF and Hatfield. In the context of this Structural Work Act action, this provision is void as against the public policy of Illinois. One may not seek insurance coverage against a void agreement to indemnify. (*Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 484 N.E.2d 542.) Accordingly, insofar as count II is predicated upon the void indemnification provision, it alleges facts which exclude coverage and Motor Vehicle has no duty to defend. Thus, we find that the trial court erroneously granted Hatfield's motion for summary judgment on this issue. Additionally, we find that to the extent the trial court based its determination that Motor Vehicle was required to defend the remaining allegations of the third-party complaint on its resolution of this first issue, it did so improperly. Accordingly, we next must determine whether Motor Vehicle had a duty to defend the remaining allegations, independent of the "bootstrap" duty imposed at the trial level.

■ Count II of the third-party complaint urges liability on the part of Hatfield for its failure to procure insurance coverage for GSF. Specifically, GSF alleges that Hatfield "failed to obtain insurance to protect the third party plaintiff [GSF] as provided for in Paragraph 3 of the subject agreement." Paragraph 3 of the agreement provides that Hatfield shall obtain workers' compensation insurance, general public liability insurance, and aircraft liability insurance. On the liability policies, GSF was to be named as an additional insured. Hatfield failed to name GSF as an additional insured on its general public liability insurance policy. In its cross-appeal, Hatfield contends that Motor Vehicle has a duty to defend it against GSF's allegation that this failure to procure insurance resulted in a breach of contract. Motor Vehicle maintains, however, that it has no such duty.

In its order granting summary judgment to Hatfield, the trial court stated that Motor Vehicle had a duty to defend the allegation that Hatfield failed to procure insurance only because its determination that Motor Vehicle had a duty to defend the contractual indemnity allegation triggered a duty to defend the remaining allegations of the third-party complaint. The trial court specifically stated that "Hatfield does not contend that Motor Vehicle Casualty must indemnify it against the claim that Hatfield failed to obtain insurance with G.S.F. as a beneficiary." The court at no time indicated that Motor Vehicle had an independent duty to defend Hatfield with respect to GSF's allegation that Hatfield failed to procure insurance. We hold that Motor Vehicle has no duty to defend Hatfield against this allegation and, accordingly, find that insofar as the trial court so ruled, it was correct.

GSF points out that it is the law in Illinois that when a complaint alleges several causes of action or theories of recovery against an insured, the insurer may be obligated to defend the entire action even if only one cause of action is potentially within policy coverage. (*Fidelity & Casualty Co. v. Nalco Chemical Co.* (1987), 155 Ill. App. 3d 730, 509 N.E.2d 446; *Tuell v. State Farm Fire & Casualty Co.* (1985), 132 Ill. App. 3d 449, 477 N.E.2d 70.) Nevertheless, because we have determined that Motor Vehicle had no duty to defend Hatfield against GSF's attempt to invoke the protection of the contractual indemnity provision, that principle is not applicable here.

As noted previously, an insurer is obligated to defend only those complaints which contain allegations sufficient to bring the case either within or potentially within the policy coverage. (*Sheppard, Morgan & Schwaab, Inc. v. United States Fidelity & Guaranty Co.* (1976), 44 Ill. App. 3d 481, 358 N.E.2d 305.) Here, Hatfield's allegation is not sufficient to bring the case either within or potentially within the policy

coverage. Motor Vehicle's policy to insure Hatfield was a comprehensive general liability insurance policy which protects only against bodily injury and property damage. Failure to procure insurance simply is not an act protected by the insurance policy. Accordingly, we conclude that Motor Vehicle had no duty to defend Hatfield against the allegation that it breached its contract with GSF by failing to procure insurance. The trial court's findings on this issue were correct.

■ We next will address the propriety of the trial court's ruling with respect to count I of the third-party complaint. Count I alleges a contribution action. The trial court initially found that Motor Vehicle had no duty to indemnify Hatfield against GSF's contribution allegation. However, the trial court ruled that Motor Vehicle nonetheless must defend the case because it had a duty to defend under count II of the third-party action. Motor Vehicle appeals this ruling while Hatfield cross-appeals the initial finding.

In count I of the third-party complaint, GSF alleges that if it is found to be liable to Clements in any amount "it will be entitled to contribution from the third party defendant, HATFIELD ELECTRIC COMPANY, in such amount as is necessary to adjust the parties to their respective degrees of culpability." In its cross-appeal, Hatfield urges this court to find that its contractual liability rider affords coverage for count I and that the exception to exclusion (j) demonstrates the intent to provide coverage for contractual liability. We believe, however, that a reading of the plain language employed by GSF in count I requires us to find that count I alleges solely a contribution action, and our analysis of count I is based on this conclusion. See *Dominick's v. American Manufacturers Mutual Insurance Co.* (1987), 163 Ill. App. 3d 149, 516 N.E.2d 544 (the duty of an insurer to defend an action is to be determined solely from the allegations of the complaint).

Motor Vehicle's policy to insure Hatfield provides that it will provide coverage for "all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." In Exclusion (j), the policy excludes coverage for "bodily injury to any employee of the Insured [Hatfield] arising out of and in the course of his employment by the Insured or to any obligation of the Insured to indemnify another because of damages arising out of such injury." Here, it is undisputed that Clements sustained his injuries while employed by Hatfield. Accordingly, Exclusion (j) applies, and Motor Vehicle need not provide coverage to Hatfield for any damages which Clements may be awarded. Because there is no basis for coverage, Motor Vehicle need not defend Hatfield in an action to recover those damages. See *Aetna Casualty & Surety Co. v. Coro-*

*net Insurance Co.* (1976), 44 Ill. App. 3d 744, 358 N.E.2d 914.

Hatfield contends, however, that the exception to Exclusion (j) applies and that, accordingly, the underlying action potentially could fall within Motor Vehicle's coverage. The exception to Exclusion (j) provides that Exclusion (j) "does not apply to liability assumed by the Insured [Hatfield] under an incidental contract." While this exception would operate to afford coverage for liability accruing under a valid incidental contract, it cannot operate to afford coverage here, as the liability alleged is based in contribution under the Illinois Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) and not in contract. Thus, the exception to Exclusion (j) does not apply, and Motor Vehicle is under no obligation to defend the underlying action. The trial court correctly concluded that Motor Vehicle had no duty to defend Hatfield against GSF's third-party contribution claim.

In summary, we find that the trial court erred in granting Hatfield's motion for summary judgment and in denying Motor Vehicle's cross-motion for summary judgment. The trial court improperly determined that Motor Vehicle had a duty to defend Hatfield against the contractual indemnity claim which alleged, among other things, that Hatfield failed to provide a safe place to work and failed to provide proper equipment. Thus the trial court's foundation for its determination that Motor Vehicle had a duty to defend Hatfield against the remaining allegations of the third-party action was improper. The trial court stated that Motor Vehicle had no duty to defend Hatfield against these allegations, and we concur in this determination. Thus, Motor Vehicle has no duty to defend Hatfield against any of the allegations contained in the third-party complaint and, accordingly, is entitled to summary judgment on all four counts of its declaratory action.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions to grant summary judgment in favor of Motor Vehicle Casualty Company.

Judgment reversed and remanded with directions.

EGAN, P.J., and LaPORTA,* J., concur.

---

*Justice Quinlan, who has retired, participated in oral argument. Justice LaPorta has read the briefs and has listened to the tape of the oral argument.