(No. 73938.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, *et al.* (National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Appellant), v. GLEN-VIEW PARK DISTRICT *et al.* (Glenview Park District, Appellee).

*Opinion filed February 3, 1994.*

BILANDIC, C.J., joined by HEIPLE, J., dissenting.

Robert Marc Chemers, Andrew G. Witik and Robert J. Franco, of Pretzel & Stouffer, Chrtd., of Chicago, for appellant.

Thomas G. DiCianni, of Ancel, Glink, Diamond, Cope

& Bush, P.C., of Chicago, and Jay S. Judge and Kristine A. Karlin, of Judge & James, Ltd., of Park Ridge, for appellee.

Roland W. Burris, Attorney General, and John Anthony Palombi, Special Assistant Attorney General, of Springfield, for *amicus curiae* Director of Insurance.

JUSTICE McMORROW delivered the opinion of the court:

The instant appeal requires interpretation of an endorsement to a comprehensive liability insurance policy issued to a named insured and specifying a third party as an additional insured. The endorsement states in relevant part that it extends coverage to additional insureds "with respect to operations performed by" the named insured. However, the endorsement also contains a clause that excludes from coverage "damages arising out of the negligence" of the additional insured.

We determine that the exclusionary clause, since it specifically refers to the additional insured's acts of "negligence," does not exclude from coverage allegations that the additional insured violated the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*). As a result, the insurer in this case has a duty to defend the additional insured in an action based on allegations that the additional insured was negligent and also based on allegations that the additional insured violated the Structural Work Act. Our determination that the insurer has a duty to defend renders it unnecessary to consider the parties' remaining arguments.

## BACKGROUND

In March 1988, National Decorating Service (NDS) and Glenview Park District (Glenview) entered into a contract for NDS to paint portions of the Glenview Ice Center. The contract obligated NDS to "secure and

maintain in [its] own name with Glenview Park District specifically noted as additional insured, Public Liability insurance covering Bodily Injury and Property Damage with limits ***." To satisfy this contractual requirement, NDS relied upon a comprehensive general liability policy issued to NDS by National Union Fire Insurance Company (National Union). The policy contained several endorsements, including a "Blanket Additional Insured Endorsement" which provided coverage for persons to whom NDS had agreed, by contract, "to include as an Insured with respect to operations performed by or on behalf of" NDS.

During NDS's performance of its contract with Glenview, one of NDS's employees, Frederick Claussen, fell from a scaffold and was injured at the Glenview Ice Center. Claussen's wife, Patricia, in her individual capacity and in her capacity as Claussen's legal guardian, filed suit against Glenview for damages relating to the injuries. The Claussen complaint alleged that Glenview was liable under both the Structural Work Act and common law principles of negligence.

In April 1989, National Union filed suit for a declaratory judgment that it had no duty to defend or indemnify Glenview in the Claussen action. National Union claimed that the endorsement in NDS's insurance policy excluded coverage for damages arising from Glenview's "negligence," which would include the Claussen claims for Structural Work Act violations and ordinary negligence. National Union and Glenview filed motions for summary judgment. Following briefing and argument, the trial court found that National Union's endorsement excluded coverage to Glenview for the negligence and the Structural Work Act claims of the Claussen complaint. As a result, the trial court entered judgment in favor of National Union.

Upon review, the appellate court upheld the validity

of the negligence exclusion contained in the additional insured endorsement. However, the appellate court reversed the trial court's finding that the exclusion precluded coverage to Glenview with respect to the Structural Work Act claim of the Claussen complaint. (230 Ill. App. 3d 578.) This court subsequently allowed National Union's petition for leave to appeal (134 Ill. 2d R. 315).

## ANALYSIS

To support its argument that it has no duty to defend or indemnify Glenview with respect to the Claussen complaint under the comprehensive liability insurance policy it issued to NDS, National Union relies upon Endorsement No. 2 in the NDS policy. That endorsement stated, in pertinent part:

> "The Persons Insured provision of this policy is amended to include as an Insured any Person or organization whom the Named Insured has agreed by contract, either oral or written, prior to loss, to include as an Insured with respect to operations performed by or on behalf of the Named Insured. Such Insureds included by contract shall hereinafter be referred to as Additional Insureds, and *the insurance afforded [herein] shall not apply to damages arising out of the negligence of the Additional Insured(s)."* (Emphasis added.)

The parties dispute whether this endorsement excludes from coverage the allegations of the Claussen complaint that Glenview was negligent and the allegations that Glenview violated the Structural Work Act.

We consider first whether the exclusion in Endorsement No. 2 encompasses the allegations of the Claussen complaint that Glenview violated the Structural Work Act. National Union acknowledges that the exclusion does not explicitly refer to actions alleging a violation of the Structural Work Act. However, National Union argues that a Structural Work Act claim is reasonably implied in the exclusion's reference to "negligence" of the additional insured, Glenview.

According to National Union, a Structural Work Act claim bears significant relation to a negligence suit. National Union notes that in *Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 501-02, this court found that a "wilful" violation of the Structural Work Act occurs " 'when a person having charge of the work knew or, in the exercise of ordinary care, could have known of a dangerous condition.' " (*Davis*, 61 Ill. 2d at 502, quoting Illinois Pattern Jury Instructions, Civil, No. 180.01, Comment, at 468 (2d ed. 1971).) National Union urges that in *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, this court recognized several similarities between a negligence claim and a claim based upon an alleged violation of the Structural Work Act.

However, as the appellate court in the instant cause accurately recognized, "[a] cause of action for common law negligence is neither identical nor tantamount to a statutory cause of action under the [Structural Work] Act. [Citations.]" (230 Ill. App. 3d at 586.) In *Simmons*, for example, this court stressed the *distinctions* between common law negligence and a Structural Work Act violation. (See *Simmons*, 104 Ill. 2d at 458-59 (holding that plaintiff's contributory fault cannot be used to offset damages for which defendant found liable under Structural Work Act).) The *Simmons* court found it significant that, unlike an action based upon common law negligence principles, the Structural Work Act requires proof of a willful violation of the statute in order to permit recovery. (See *Simmons*, 104 Ill. 2d at 458-59.) The court explained:

> "Treating claims under the [Structural Work] Act differently from common law [negligence] actions does not conflict with our previous holdings which first allowed and then expanded the use of comparative negligence. 'It has been determined that the Structural Work Act protects work activities of a particularly hazardous nature and is designed to lessen the extent of the danger.

[Citations]. \*\*\* To effectuate this purpose a liberal construction has been adopted [citation] in order to afford "broad protection to working men." [Citation.]' (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 127.) This statute is dissimilar to a common law remedy designed to compensate an injured party for the damage he has suffered because of the negligence of another and even to the protection afforded under the common law products liability doctrine, which is designed to compensate consumers injured *by unsafe products*." (Emphasis added.) (*Simmons*, 104 Ill. 2d at 459.)

In concluding that a worker's contributory fault should not offset the amount of damages for which the defendant was found liable, the *Simmons* court noted that the Structural Work Act was "first passed as an exception to the common law" of negligence, and that if a plaintiff's contributory fault were found applicable, the Structural Work Act "would be indistinguishable from a common law construction negligence action." *Simmons*, 104 Ill. 2d at 461.

In light of this reasoning in *Simmons*, we cannot accept National Union's argument that the term "negligence" in the exclusion clause encompasses actions based on alleged violations of the Structural Work Act. Generally, terms of an insurance policy are to be accorded their plain and ordinary meaning. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 108.) In addition, provisions that limit or exclude coverage are to be construed liberally in favor of the insured and "most strongly against the insurer." *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 179.

Applying these rules of construction to the instant cause, we find it significant that the explicit language of the endorsement refers solely to "damages arising out of the *negligence*" (emphasis added) of the additional insured. In our view, this plain and unambiguous reference to "negligence" in the exclusionary provision of

the present insurance policy is reasonably interpreted as a reference to the *common law* tort of negligence. If National Union intended the term "negligence" to include allegations that the additional insured had committed a *statutory* tort, such as a violation of the Structural Work Act, it could have easily modified its insurance policy to so provide. However, National Union did not draft the exclusionary provision in the instant cause to include claims based upon violation of a safety statute, such as the Structural Work Act. As the appellate court in the instant cause aptly recognized, "Exclusionary provisions are applied only where the terms are clear, definite, and explicit. [Citation.] The negligence exclusion in this case denies coverage for liability arising for Glenview's negligence, but is silent as to liability under the Act. No definition of negligence appears in the policy under the applicable endorsement." (230 Ill. App. 3d at 586.) We agree with the appellate court that "[t]he expansive construction necessarily required to include a violation of the [Structural Work] Act within the meaning of negligence under the subject policy contravenes the rule that insurance policy exclusions be read narrowly rather than broadly. [Citation.]" 230 Ill. App. 3d at 586.

In light of these considerations, we conclude that National Union has a duty to defend Glenview with respect to the allegations of Structural Work Act violations alleged in the Claussen complaint. Other cases cited by National Union do not suggest a contrary conclusion, since those decisions involved the interpretation of contracts to insure, indemnify, or procure insurance, which are generally subject to broad rules of construction. In contrast, exclusionary provisions such as that found in the instant cause are to be construed narrowly rather than broadly. Consequently, the decisions cited by National Union, involving contracts to insure,

indemnify, or procure insurance, are distinguishable from the case at bar. See *Jokich v. Union Oil Co.* (1991), 214 Ill. App. 3d 906; *Motor Vehicle Casualty Co. v. GSF Energy, Inc.* (1989), 193 Ill. App. 3d 1; *Ryan v. E.A.I. Construction Corp.* (1987), 158 Ill. App. 3d 449; *Cox v. Lumbermens Mutual Casualty Co.* (1982), 108 Ill. App. 3d 643.

The parties also dispute whether National Union has a duty to defend Glenview with respect to the allegations of negligence in the Claussen complaint, in light of the exclusionary language contained. in the endorsement to National Union's insurance policy. However, it is unnecessary for us to consider this argument. National Union's declaratory judgment action sought a determination that it had no duty to defend or indemnify Glenview in the Claussen litigation. With respect to an insurer's duty to defend, it is well established that such a duty must be determined solely from the allegations of the complaint in the underlying suit; once the duty to defend is found to exist with respect to one or some of the theories of recovery advanced in the underlying litigation, the insurer must defend the insured with regard to the remaining theories of recovery as well. As this court stated in *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64:

> "To determine an insurer's duty to defend its insured, the court must look to the allegations of the underlying complaints. If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. (*Thornton v. Paul* (1978), 74 Ill. 2d 132.) An insurer may not justifiably refuse to defend an action against its insured unless it is *clear* from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388.) Moreover, if

the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy. *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187." (Emphasis in original.) *United States Fidelity*, 144 Ill. 2d at 73.

In the instant cause, the allegations of the Claussen complaint determine whether National Union has a duty to defend Glenview in the Claussen litigation. We hold that those allegations of the complaint pertaining to the Structural Work Act fall within the scope of coverage of National Union's insurance policy issued to NDS and naming Glenview as an additional insured. Because National Union has a duty to defend Glenview on the Structural Work Act claim, it also must defend Glenview with respect to the remaining theories of recovery alleged in the Claussen complaint, *i.e.*, the negligence claims. In view of our determination that National Union has a duty to defend Glenview in the Claussen litigation, it is not necessary for us to consider the parties' remaining arguments.

In addition, it would be premature for us to determine in the instant appeal the scope, if any, of National Union's duty to indemnify Glenview in the underlying Claussen litigation. Where there has not yet been a determination of the insured's liability in the underlying lawsuit, "any determination of [the insurer's] duty to indemnify [the insured] with respect to the underlying lawsuits is premature. [Citation.]" *United States Fidelity*, 144 Ill. 2d at 73.

The appellate court affirmed the trial court's entry of summary judgment in favor of National Union with respect to the allegations of the Claussen complaint regarding ordinary negligence, yet reversed the trial court's entry of summary judgment in National Union's favor with regard to the Structural Work Act claim of the Claussen complaint. However, as we have deter-

mined, National Union's duty to defend Glenview should not be divided by the various claims of the Claussen complaint. Because we have held that National Union has a duty to defend Glenview for the Structural Work Act claim, National Union also becomes obligated to defend Glenview on the remaining counts of the Claussen complaint.

Our determination on these issues renders it unnecessary and premature to resolve the parties' argument with respect to whether the negligence exclusionary clause should be declared void and unenforceable as against public policy. In the context of whether the exclusionary clause relieves National Union of a duty to defend Glenview Park District, resolution of whether the clause is void as against public policy is unnecessary; we have already decided that National Union has a duty to defend Glenview Park District with respect to all of the allegations of the Claussen complaint, including both the negligence count and the Structural Work Act count of the pleading. In the context of whether the exclusionary clause relieves National Union of a duty to indemnify Glenview Park District, resolution of whether the clause is void as against public policy is premature; until the liability of the Park District has been determined in the underlying Claussen litigation, the duty to indemnify remains undetermined. In light of these considerations, the appellate court's ruling that the exclusionary clause is not void or unenforceable as against public policy is hereby vacated.

For these reasons, the judgment of the appellate court is affirmed in part and reversed in part, the judgment of the circuit court is reversed, and the cause is remanded to the circuit court for further proceedings.

*Appellate court affirmed in part*
*and reversed in part;*
*circuit court reversed;*
*cause remanded.*

CHIEF JUSTICE BILANDIC, dissenting:

I respectfully dissent because the majority decided the wrong appeal. The majority chose to analyze an endorsement to the CGL policy and thereby concluded that the insurance company (National Union) has the duty to defend the additional insured (Glenview Park District) on both the Structural Work Act and negligence counts of the underlying complaint. I would prefer to decide this case on the cross-appeal of the Glenview Park District which challenges the *validity* of the *endorsement's exclusion.* This would moot the appeal decided by the majority.

This court cannot ignore the pleas of the Glenview Park District and the Illinois Director of Insurance, who invoke Illinois laws designed to protect purchasers of insurance in this State. For this reason, I depart from the majority.

The facts are not in dispute. National Decorating Service (NDS) purchased a comprehensive general liability policy (CGL) from National Union. A CGL policy provides an insured with comprehensive bodily injury and property damage coverage for "occurrences" which happen due to the insured's negligence or accidental causes. Generally, one of the insured's primary purposes in purchasing a CGL policy is to insure itself against potential loss due to its negligence.

NDS also purchased an endorsement to its CGL policy entitled "Blanket Additional Insured Endorsement." By this endorsement, NDS was able to name other third parties as additional insureds under its CGL policy from National Union. Generally, anyone named as an additional insured under a policy of insurance receives the same coverage as the named insured.

The Glenview Park District solicited bids from painting contractors for work to be done on a park facil-

ity. NDS submitted a bid. The Glenview Park District, as a condition precedent to awarding the painting contract, required NDS to name the Glenview Park District as an additional insured under a CGL policy. The Glenview Park District's bid contract required NDS to:

> "secure and maintain in his own name with Glenview Park District specifically noted as additional insured, Public Liability Insurance covering Bodily Injury and Property Damage with limits of not less than one million dollars \*\*\*."

In satisfaction of this contractual condition, the Glenview Park District thereafter received a certificate of insurance providing that it was an additional insured under NDS' CGL policy with National Union. The certificate of insurance also contained boilerplate language indicating that the coverage was subject to exclusions contained in the master policy. *However, neither National Union nor NDS provided the Glenview Park District with a copy of the master policy.*

In reliance upon the certificate of insurance, the Glenview Park District awarded the painting contract to NDS. While performing the painting on the park facility, an NDS employee was injured and sued both NDS and the Glenview Park District (underlyling complaint). The Glenview Park District tendered the defense of the underlying complaint to National Union and National Union undertook the defense under a reservation of rights. National Union then filed this declaratory judgment action against the Glenview Park District, seeking a declaration that it has no duty to *defend* or *indemnify* the Glenview Park District with respect to the underlying complaint. The underlying complaint alleged two counts against the Glenview Park District: a Structural Work Act count and a negligence count. Both counts allege fault basically due to the same conduct on the part of the Glenview Park District, although the

allegations use terminology suitable for each specific theory of liability.

Before the trial court, both parties filed cross-motions for summary judgment as to each of the two counts in the underlying complaint. The trial court granted National Union's motions for summary judgment with respect to both the Structural Work Act count and the negligence count, on the basis of the negligence exclusion contained in National Union's additional insured endorsement.

The Glenview Park District appealed to the appellate court. The appellate court affirmed the trial court's grant of summary judgment in favor of National Union with respect to the negligence count, upholding the validity of the negligence exclusion contained in the additional-insured endorsement. The appellate court, however, reversed the trial court's grant of summary judgment in favor of National Union on the Structural Work Act count. We granted National Union's petition for leave to appeal from the appellate court's reversal of summary judgment on the Structural Work Act count. The majority opinion addresses National Union's appeal, and I concur with the majority opinion with respect to those issues.

However, the Glenview Park District has cross-appealed from the appellate court's ruling upholding the grant of summary judgment in favor of the insurer with respect to the negligence count. The majority has declined to address the Glenview Park District's cross-appeal, and I must dissent from this determination. I believe it is imperative for this court to address the appellate court ruling at issue in the Glenview Park District's cross-appeal. Resolution of the Glenview Park District's cross-appeal is particularly important under the facts presented because the challenged appellate court ruling could be outcome determinative when the duty to indemnify issue is resolved on remand.

A close look at the allegations in the Structural Work Act count, however, reveals that the underlying complaint charges the Glenview Park District with negligent conduct, in violation of the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)). Left unaddressed, the appellate court holding is the law of the case with respect to negligence alleged in both the Structural Work Act count and the negligence count. If the Glenview Park District is found liable under either count, the appellate court ruling upholding the exclusion with respect to negligence will effectively determine the indemnity issue in favor of the insurer. The Glenview Park District has appealed from this ruling and, since it will in all probability determine the indemnity issue, this court would be well advised to resolve the issues raised in the cross-appeal.

Turning to the Glenview Park District's cross-appeal, the challenged endorsement provision provides, in relevant part:

> "The Persons Insured provision of this policy is amended to include as an insured *any Persons or organization whom [NDS] has agreed by contract,* either oral or written, prior to loss, *to include as an Insured with respect to operations performed by or on behalf of [NDS].* Such insured shall hereinafter be referred to as *Addl. insureds,* and *the insurance afforded in paragraph A above shall not apply to damages arising out of the negligence of the Addl. Insured(s)* ***." (Emphasis added.)

The Glenview Park District contends that this endorsement violates public policy and is, therefore, void. The Glenview Park District argues that the "coverage" provided under National Union's endorsement is illusory, in that it grants broad coverage to an additional insured under a *comprehensive* liability policy in one breath, while deceptively sweeping that coverage away in the next via its exclusion of coverage for damages resulting from the additional insured's negligence.

The Glenview Park District points out that claims alleging its negligence in relation to the NDS painting contract are the most likely to be brought against it and the type for which it sought coverage initially. The Glenview Park District contends that if the additional insured endorsement does not provide coverage for claims due to its negligence, it provides no coverage at all. The Illinois Director of Insurance has submitted an *amicus* brief in support of the Glenview Park District's argument.

National Union, on the other hand, argues that its endorsement provides coverage to the Glenview Park District for claims resulting from the negligence of NDS for which the Glenview Park District may be vicariously liable. Additionally, National Union argues that its negligence exclusion is clear and unambiguous.

Section 143 of the Illinois Insurance Code requires all companies who offer liability insurance in Illinois to file all policy forms with the Illinois Director of Insurance, the *amicus* in this case, for review and approval. Upon review, the Director may prohibit the use of any policy provision if it "contains exceptions and conditions that will unreasonably or deceptively affect the risks that are purported to be assumed by the policy." (215 ILCS 5/143(2) (West 1992).) National Union never filed its additional insured endorsement with the Director.

In its *amicus* brief in support of the cross-appeal of the Glenview Park District, the Illinois Director of Insurance states: "It is the Director of Insurance's position that the exception in National Union's 'additional insured' endorsement unreasonably and deceptively affects the risks that the NDS policy assumed."

The legislature has determined that insurers may be prohibited from using policy exclusions which *unreasonably or deceptively* limit or affect the risk that the policy purports to cover. This is the clearly enunci-

ated public policy of in Illinois. Clearly, National Union's additional insured endorsement to its CGL policy undercuts the entire coverage that CGL policies purport to assume, *i.e.*, coverage for the insured's negligence. Moreover, National Union's endorsement purports to insure the Glenview Park District, as an additional insured under a comprehensive liability policy, not, as National Union contends, under a policy for vicarious liability. The Glenview Park District does not need, nor did it seek, coverage for vicarious liability in connection with the NDS painting contract. NDS is an independent contractor and the Glenview Park District cannot be held vicariously liable for its acts except under a narrow exception. Even if it was to be held vicariously liable for the acts of NDS, the Glenview Park District would have an action for indemnity against NDS and, therefore, would have no need for vicarious liability coverage on the painting contract. The endorsement is illusory and provides no coverage at all. Since the negligence exclusion deceptively affects the general liability risks that the endorsement purports to assume, the endorsement's exclusion violates public policy and should not be enforced.

This is particularly true under the facts of this case. Nowhere in the certificate of insurance which was issued to the Glenview Park District did National Union indicate that the endorsement contained such an extraordinary and broad exclusion of coverage. The certificate merely provided boilerplate language that it was subject to the exclusions in the master policy. The insured must receive more notice than a boilerplate disclaimer in order for such an expansive exclusion to be enforceable against a certificate holder. (*Van Vactor v. Blue Cross Association* (1977), 50 Ill. App. 3d 709 ("Significant policy exclusions contained in a master contract but omitted from the brochure distributed to policyhold-

ers should not be enforced").) The Glenview Park District relied on the certificate of insurance in awarding the painting contract to NDS and is entitled to the standard coverage which it was led to believe that National Union was providing.

Clearly, under these facts, the endorsement's exclusion should not be enforced. Accordingly, the appellate court's grant of summary judgment in National Union's favor with respect to the negligence count should be reversed.

I would decide the cross-appeal in favor of the Glenview Park District and hold that the exception in National Union's additional insured endorsement is void. Therefore, the Glenview Park District is entitled to full coverage as an additional insured under the CGL policy. This includes the Structural Work Act count and the negligence count.

For these reasons, I dissent.

JUSTICE HEIPLE joins in this dissent.