THOMAS JURETIC, Plaintiff, v. U S X CORPORATION, Defendant and Third-Party Plaintiff-Appellant (P.K. Engineering and Manufacturing Company, Inc., Third-Party Defendant-Appellee).

First District (5th Division) No. 1—90—3657

Opinion filed July 10, 1992.

Luanne Ellison, of Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., of Chicago, for appellant.

John H. Sandberg, of Wiedner & McAuliffe, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

The underlying action in this case was a personal injury claim brought by Thomas Juretic against U S X Corporation. U S X Corporation filed a second-amended, third-party complaint alleging in count III that third-party defendant, P.K. Engineering & Manufacturing Company, breached its contract to purchase insurance on behalf of U S X Corporation. The trial court found that the insurance provision in the contract was inextricably tied to a void indemnity provision, and, therefore, the insurance provision was unenforceable. The trial court entered an order pursuant to Supreme Court Rule 304(a) (107

Ill. 2d R. 304(a)), and U S X Corporation brought this appeal. We consider whether the trial court properly dismissed count III of the second-amended, third-party complaint.

We reverse and remand.

On June 15, 1987, plaintiff, Thomas Juretic, suffered injuries when he fell from an electrical tower located on the property of U S X Corporation (USX). Juretic, an electrician, was employed by P.K. Engineering & Manufacturing Company (P.K. Engineering), which was under contract with USX to dismantle and reroute various electrical facilities of USX.

On July 19, 1988, Juretic filed a one-count complaint against USX alleging violations of the Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, par. 60 *et seq.*). USX filed its answer and affirmative defenses. USX also filed a third-party complaint against P.K. Engineering. In this initial third-party complaint, USX sought contribution pursuant to the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1989, ch. 70, par. 301 *et seq.*).

Subsequently, Juretic filed an amended complaint against USX adding a count under a theory of negligence. USX then filed an amended third-party complaint against P.K. Engineering seeking contribution with respect to Juretic's negligence count.

On February 20, 1990, USX filed a second-amended, third-party complaint adding a third count against P.K. Engineering. Count III alleged that P.K. engineering breached its contract to purchase insurance on behalf of USX. Two provisions of the contract are relevant to this appeal:

"ARTICLE 13—INDEMNITY

Contractor, for itself, its successors and assigns, agrees to defend, indemnify and save Owner, its successors and assigns, harmless from and against any and all claims, demands, damages, actions or causes of action, together with any and all losses, costs, or expenses, in connection therewith or related thereto, asserted by any person or persons, including employees of contractors for bodily injuries, death or property damage arising or in any manner growing out of the work performed or to be performed under this Agreement whether or not caused or alleged to be caused in whole or in part by the fault or negligence of Owner. In connection with any demands, claims or any other legal proceedings covered by this article, Owner retains the right to be represented, at its sole option, by attorneys of its own selection, at its own expense. The exercise of this right to select its own attorneys will in no way detract from or re-

lease the Contractor from its obligation to indemnify and hold Owner harmless hereunder.

## ARTICLE 14—INSURANCE

Contractor shall maintain and require its Subcontractors, if any, to maintain in full force and effect during the performance of the work, insurance coverage with insurance companies satisfactory to Owner, insuring the Contractor's obligations to Owner under the indemnification clause of this Agreement and Contractor's and Owner's liability to pay for any bodily injuries or death received or sustained by any person or persons in any manner caused by, arising from, incident to, connected with or growing out of Contractor's performance of the work covered by this agreement, or caused by, arising from, incident to, connected with or growing out of the use of vehicles in connection therewith. Said policies of insurance shall provide that the Owner be named as an additional insured and that the insurance company shall be required to pay up to One Million Dollars (1,000,000) for bodily injuries or death for any one occurrence. Contractor shall also carry insurance in insurance companies satisfactory to Owner, insuring the Contractor's and Owner's liability to pay for any and all loss, damage and injury to the property of any and all persons in any manner caused by, arising from, incident to, connected with or growing out of Contractor's performance of the work covered by this Agreement, or caused by, arising from, incident to, connected with or growing out of the use of vehicles in connection therewith. Said policy of insurance shall provide that the Owner be named as an additional insured and that the insurance company shall be required to pay up to One Million Dollars ($1,000,000) for any one occurrence."

Specifically, the language in count III stated: "the provisions of Article 13 and 14 of the aforesaid contract obligated [P.K. Engineering] to obtain insurance coverage naming USX as an additional insured"; that the insurance "would have provided coverage for USX's defense and indemnification costs, if any, of the plaintiff's lawsuit against USX"; and that USX incurred costs and expenses arising out of the defense of plaintiff's lawsuit. The requested relief included "all costs and expenses incurred by USX in defense of plaintiff's action and all amounts, if any, paid or payable to [plaintiff] in settlement, satisfaction of a judgment, or costs otherwise incurred by USX."

P.K. Engineering filed a motion to dismiss count III. P.K. Engineering argued that the indemnity provision of the contract was void

pursuant to section 1 of "An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1989, ch. 29, par. 61). Furthermore, P.K. Engineering argued that the insurance provision related solely to P.K. Engineering's obligations under the indemnity provision, and therefore, the insurance provision was also void. The motion cited *Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 44 N.E.2d 542.

At the hearing on the motion, P.K. Engineering focused the court's attention on the language in count III itself. P.K. Engineering emphasized that the language tied the two provisions together by stating "the provisions of Article 13 *and* Article 14 obligated [P.K. Engineering] to obtain insurance coverage naming USX as an additional insured." (Emphasis added.)

USX responded that Article 14 addressed insurance intended to cover matters other than the obligations under the indemnity provision. For example, the insurance would have covered USX's liability for bodily injuries arising out of the work. The insurance provision also contained a requirement that USX be named as an additional insured on P.K. Engineering's insurance policies.

On November 13, 1990, the trial court granted P.K. Engineering's motion to dismiss. The court found that USX tied the two provisions together in count III. The court denied USX leave to file a third-amended, third-party complaint and entered an order pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). USX filed this appeal.

OPINION

The parties have conceded for the purposes of this appeal that the indemnity provision (Article 13) was void pursuant to section 1 (Ill. Rev. Stat. 1989, ch. 29, par. 61). However, our focus here is on the insurance provision (Article 14). If Article 14 is inextricably tied to the void indemnity provision, then Article 14 is also void. (Accord *Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 484 N.E.2d 542.) If Article 14 covers matters other than the obligations under the void indemnity provision, then it is at least in part enforceable. Accord *Bosio v. Branigar Organization, Inc.* (1987), 154 Ill. App. 3d 611, 506 N.E.2d 996; *St. John v. City of Naperville* (1987), 155 Ill. App. 3d 919, 508 N.E.2d 1128.

Our analysis shows that Article 14 provides for insurance coverage in three parts:

(1) the insurance would cover "the Contractor's obligations to the Owner under the indemnification clause of this Agreement";

(2) the insurance would also cover "Contractor's and Owner's liability to pay for any bodily injuries or death received or sustained by any person or persons *** connected with or growing out of Contractor's performance of the work covered by this agreement, or *** connected with or growing out of the use of vehicles in connection therewith"; and

(3) the insurance would also cover "Contractor's and Owner's liability to pay for any and all loss, damage and injury to the property of any and all persons *** connected with or growing out of Contractor's performance of the work covered by this Agreement, or *** connected with or growing out of the use of vehicles in connection therewith."

■■ ■ It is clear that the first part of the insurance coverage is inextricably tied to the void indemnity provision and is therefore also void. However, the second and third parts cover matters other than the obligations under the void indemnity provision. This insurance was intended to cover liability for bodily injury or death and liability for damage to property arising out of P.K. Engineering's performance of its work. In addition, P.K. Engineering was required to add USX as an additional insured under these areas of coverage. We note that these kinds of agreements to obtain insurance are consistent with public policy—assuring compensation for injured workers. (See *Zettel v. Paschen Contractors, Inc.* (1981), 100 Ill. App. 3d 614, 427 N.E.2d 189.) Therefore, Article 14 is enforceable to the extent of parts two and three of its intended coverage. It follows that the trial court erred in dismissing count III of USX's second-amended, third-party complaint.

It is true that the language in count III suggested that Article 13 and Article 14 were tied together. However, the proper focus here belongs on the language of Article 14 and not on the language of count III. On remand, USX Corporation will be allowed to further amend the third-party complaint consistent with this analysis.

Reversed and remanded.

McNULTY, P.J., and GORDON, J., concur.