VERNON VAUGHN, Plaintiff, v. COMMONWEALTH EDISON COMPANY, Defendant and Third-Party Plaintiff-Appellant (Hunter Corporation, Third-Party Defendant-Appellee).

Third District    No. 3—93—0395

Opinion filed January 6, 1994.—Modified on denial of rehearing April 20, 1994.

Gregory Abbott, of Hoffman, Burke & Bozick, of Chicago (Gary W. Bozick, of counsel), for appellant.

M. Elizabeth Bennett and Susan K. Laing, both of Lord, Bissell & Brook, of Chicago (Nancy Shaw, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

After construing the language of a contract between the third-party defendant, Hunter Corporation (Hunter), and the third-party plaintiff, Commonwealth Edison (Edison), the trial court determined that the parties intended to relieve Hunter of all liability to Edison once Hunter complied with the contract by naming Edison as an additional insured on Hunter's general liability insurance policy. Based on that determination, the trial court entered summary judgment in favor of Hunter. We reverse and remand because we find that the parties intended that Hunter's obligation to Edison would be fulfilled only if the insurance provided actually indemnified Edison and there is a genuine issue of material fact regarding whether the insurance provided by Hunter will pay on the plaintiff's claim.

Edison hired Hunter to perform construction work at Edison's plant in Rockdale, Illinois. The contract between Hunter and Edison provided that Hunter had "the absolute and entire responsibility and liability for all damage, loss or injury of any kind, direct or indirect, to any person (including death) or property (except as otherwise provided in the Contract) arising out of or in any manner based on the performance by [Hunter] under the Contract, or caused by or resulting from the performance of the Work." The next paragraph required Hunter to provide "Standard Owners Protective Liability" insurance to cover Edison. Hunter obtained the required insurance by naming Edison as an additional insured on its policy of insurance with CNA Insurance Company (CNA).

One of Hunter's employees was injured while on the job at Edison's plant. That employee sued Edison for his injuries, and Edison tendered defense of the suit to CNA. When CNA responded with a reservations of rights letter, Edison filed a declaratory judgment action which was dismissed on the basis that the "required coverage had been obtained." Subsequently, Edison filed its third-party contribution action against Hunter.

The sole issue before us is whether Hunter is entitled to summary judgment in the contribution action on the basis that it has fulfilled its contractual duty by providing insurance when the underlying action has not been resolved and the insurance company has not in fact indemnified Edison.

The primary object of the construction of a contract is to give full effect to the intent of the parties. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 154 N.E.2d 683.) Generally, the intent of the parties may be determined from the contract itself. *Illinois Valley Asphalt, Inc. v. La Salle National Bank* (1977), 54 Ill. App. 3d 317, 369 N.E.2d 525.

We find that Hunter and Edison intended to indemnify Edison for liability for any injuries connected with Hunter's work to the extent permissible by law. The contract provided in separate paragraphs that Hunter would indemnify Edison and also that Hunter would obtain insurance for Edison. Even though the indemnity clause itself is void, its inclusion in the contract is evidence of the parties' intent. Thus, viewing the contract as a whole, we cannot say that the parties intended to look solely to the insurance provided by Hunter and accept the decision of the insurer to cover the claim or not as binding upon both parties.

Hunter argues that even if it was not enough to obtain the required insurance, summary judgment is nevertheless appropriate because the plaintiff has agreed to settle for an amount within the

limits of the CNA policy. However, that argument assumes that CNA has agreed to pay on the plaintiff's claim.

When an insurer accepts a claim under a policy, it comes under two separate and distinct duties: the duty to defend and the duty to indemnify. (See *Sheppard, Morgan & Schwaab, Inc. v. United States Fidelity & Guaranty Co.* (1976), 44 Ill. App. 3d 481, 358 N.E.2d 305.) In the case before us, it appears that CNA has accepted the duty to defend Edison against the plaintiff's claim. However, it is not clear from the record that CNA has agreed to pay any amount which might be owed to the plaintiff. Hunter has failed to produce any evidence that this is so and Edison argues in its brief that CNA is still reserving its rights with regard to indemnification.

Therefore, we find that there is a genuine issue of material fact regarding CNA's reservation of rights with regard to the duty to indemnify. If CNA has accepted the duty to indemnify Edison and the plaintiff has agreed to settle his claim within the policy limits, then summary judgment for Hunter would be appropriate. If, however, CNA has not accepted the duty to indemnify, then Edison should not be deprived of the indemnification it bargained for in the contract by granting summary judgment to Hunter.

The cases cited by Hunter in support of its position are distinguishable. In *Briseno v. Chicago Union Station Co.* (1990), 197 Ill. App. 3d 902, 557 N.E.2d 196, and *Monical v. State Farm Insurance Co.* (1991), 211 Ill. App. 3d 215, 569 N.E.2d 1230, the courts determined that the third-party defendants were entitled to relief because the primary claims had been settled and paid by the insurers they had provided. In *Vandygriff v. Commonwealth Edison Co.* (1980), 87 Ill. App. 3d 374, 408 N.E.2d 1129, the court determined that the parties intended to look solely to the insurance policy to fulfill the third-party defendant's indemnification obligation. In the case at bar, the plaintiff's claim has not been paid, and we have determined that the parties did not intend to look solely to the policy for indemnity.

Therefore, based on our review of the record, we find a genuine issue of material fact exists with regard to whether the insurance provided by Hunter will cover the claim against Edison. Consequently, we reverse the summary judgment in favor of Hunter and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and McCUSKEY, JJ., concur.