BERNARD LEHMAN, Plaintiff, v. IBP, INC., *et al.*, Defendants (IBP, Inc., *et al.*, Third-Party Plaintiffs-Appellants; Contracting Corporation of Illinois, Third-Party Defendant-Appellee).

Third District   No. 3—93—0870

Opinion filed June 27, 1994.—Modified on denial of rehearing August 30, 1994.

Mark Tarnow, of Wessels, Stojan & Stephens, P.C., of Rock Island (B. Douglas Stephens, of counsel), for appellants.

Gary D. Nelson, Karen L. Kendall, and David A. Perkins, all of Heyl, Royster, Voelker & Allen, and Bradley S. McMillan, of Heiple & McMillan, both of Peoria (John C. Mulgrew, Jr., of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

This appeal involves a dispute over a contract provision requiring the contractor, Contracting Corp. of Illinois (CCI), to cover the project owner, IBP, Inc. (IBP), as an additional insured on its general liability insurance policy. CCI claims that IBP waived enforcement of the clause and that the clause violated the Construction Contract Indemnification for Negligence Act (Act) (740 ILCS 35/1 (West 1992)). The trial court granted CCI's motion to dismiss IBP's third-party breach of contract complaint under section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1992)), and IBP appealed. We find neither a waiver nor a violation of the Act and reverse and remand for trial.

In August 1987, IBP awarded CCI a contract to build an addition to IBP's Joslin, Illinois, plant. Under the contract, IBP was to be included under CCI's comprehensive general liability insurance policy as an additional insured, and CCI was to furnish documentation of coverage before beginning work. CCI provided IBP with a certificate of insurance dated September 17, 1987, prior to commencing work on the project during the week of September 28, 1987. This certificate failed to name IBP as an additional insured on CCI's policy. CCI sent another certificate of insurance, dated October 2, 1987, that again failed to name IBP as an additional insured. Then, IBP mailed a letter to CCI on November 16, 1987, requesting a renewal certificate of insurance and included a sample certificate naming IBP as an additional insured. CCI furnished two more certificates, dated November 20, 1987, and January 14, 1988, but neither covered IBP. CCI eventually submitted a certificate dated August 4, 1988, that showed IBP as an additional insured.

Meanwhile, on October 12, 1987, a CCI employee, Bernard Lehman, was injured while working on the Joslin project. Lehman sued IBP for negligence and violations of the Structural Work Act (740 ILCS 150/1 et seq. (West 1992)). IBP filed a third-party breach of contract claim against CCI for failure to name IBP as an additional insured, as required by the contract. CCI filed a motion to dismiss the third-party complaint under section 2—619 of the Code, and the trial court granted the motion.

On appeal, IBP contends that its conduct did not waive its contract rights and that the issue of waiver creates a material question of fact. CCI claims that dismissal was proper as a matter of law because IBP's failure either to insist on insurance coverage prior to commencement of work or to stop work when the corrected certificate was not forthcoming waived its right to coverage under *Whalen v. K mart Corp.* (1988), 166 Ill. App. 3d 339, 519 N.E.2d 991, and *Geier v. Hamer Enterprises, Inc.* (1992), 226 Ill. App. 3d 372, 589 N.E.2d 711.

Whether IBP waived its right to insurance coverage under the contract hinges upon the components of implied waiver. Waiver requires that a known right be voluntarily and intentionally relinquished. (*Lavelle v. Dominick's Finer Foods, Inc.* (1992), 227 Ill. App. 3d 764, 771, 592 N.E.2d 287, 292.) The key to implied waiver in this case is establishing a clear inference, under the circumstances, of an intention to waive. (*Lavelle*, 227 Ill. App. 3d at 771, 592 N.E.2d at 291; *Whalen*, 166 Ill. App. 3d at 343, 519 N.E.2d at 994.) Implied waiver may be established when the "conduct of the person against whom waiver is asserted is inconsistent with any other intention than to waive." *Whalen*, 166 Ill. App. 3d at 343, 519 N.E.2d at 994.

In *Lavelle*, the court considered whether a project owner had waived a contract provision requiring the contractor to furnish insurance for the owner. The contractor, K&S, failed to provide the required certificate of insurance naming Dominick's, the owner, as an additional insured. Dominick's allowed K&S to start and finish its work without requesting a corrected certificate. When a K&S worker was injured and sued Dominick's for negligence and Structural Work Act violations, Dominick's filed a third-party breach of contract complaint against K&S for failure to procure the required insurance coverage. The trial court granted K&S's motion to dismiss. The appellate court reversed and remanded for trial, stating that implied waiver had not been proven as a matter of law because Dominick's failure to take any specific action when it was not named in the policy did not clearly infer an intent to permanently relinquish its right to coverage. *Lavelle*, 227 Ill. App. 3d at 771, 592 N.E.2d at 292.

Here, the contract provision at issue states: "Before commencing work on the project, Contractor shall furnish IBP with certificates of insurance, using the form attached hereto; substantiating the fact that the coverages required by this Contract are in effect." Although IBP did not demand a correct certificate prior to CCI commencing work, it did not silently acquiesce until performance under the contract was completed, tender payment, and only later request technical compliance with the insurance provision.

●1 IBP expressed its intent to enforce its contract rights by sending the November 16 letter to CCI requesting a renewal certificate that included IBP as an additional insured. This conduct does not indicate an intent to waive the coverage. (See *Whalen*, 166 Ill. App. 3d at 343, 519 N.E.2d at 994.) If more than one inference or conclusion can be drawn from the facts, summary judgment should not be granted. (*Vicorp Restaurants v. Corinco Insulating Co.* (1991), 222 Ill. App. 3d 518, 525, 584 N.E.2d 225, 234.) IBP's actions created a genuine issue of material fact regarding its intention to waive that should be resolved at trial.

*Whalen* and *Geier* are distinguishable because in those cases the waiving parties allowed the contractors to start and finish work, then paid them in full, without ever objecting to the lack of coverage. The insurance issue was only raised after the underlying litigation began. "A party to a contract may not lull another into a false assurance that strict compliance with a contractual duty will not be required and then sue for noncompliance." (*Whalen*, 166 Ill. App. 3d at 343, 519 N.E.2d at 994.) In any case, *Whalen* and *Geier* are strictly limited to their facts. See *Batterman v. Consumers Illinois Water* (1994), 261 Ill. App. 3d 319, 321.

*Whalen* held that the general contractor could have demanded proof of insurance, prevented performance by its subcontractors, or withheld payment until proof was furnished; however, we do not believe that these alternatives are commercially reasonable because of the practical impossibility of delaying or stopping a construction project after completion dates have been determined and preliminary construction costs scheduled or incurred. Proof of a voluntary and knowing waiver of a contract provision should not be assumed from mere inaction under these circumstances. "Generally, to make out a case of implied waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose. [Citations.] *** The burden of proof is upon the party claiming a waiver to prove the facts upon which he relies for such waiver." *Kane v. American National Bank & Trust Co.* (1974), 21 Ill. App. 3d 1046, 1052, 316 N.E.2d 177, 182.

CCI also asserts that the contractual provision requiring CCI to provide insurance coverage for IBP is invalid under the Act because it is inextricably tied to a void indemnification clause. Section 1 of the Act provides that "[w]ith respect to contracts or agreements, either public or private, for construction, *** every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable." 740 ILCS 35/1 (West 1992).

IBP contends that the insurance provision is not void because an exception exists in the Act for insurance contracts or agreements (740 ILCS 35/3 (West 1992)). See *St. John v. City of Naperville* (1987), 155 Ill. App. 3d 919, 508 N.E.2d 1128.

The two pertinent contract clauses are in section III, general requirements:

> "B. *Coverages:* \*\*\* Contractor shall furnish IBP with a Certificate of Insurance of a type stipulated by IBP prior to the commencement of any work hereunder, including a copy of the contractual insurance endorsement evidencing acknowledgement of its insurer(s) to be bound by the indemnity and hold harmless agreement and waiver of subrogation clauses included in this Contract. \*\*\*

> \* \* \*

> E. *Indemnity Agreement.* Contractor and his/its insurers agree to protect, indemnify, and hold harmless and defend IBP, Inc., and any of its subsidiaries or affiliated corporations or companies, as their interest may appear, and all their directors, officers, employees, and agents from and against all claims, demands, and causes of action in favor of Contractor, its employees and agents, or third parties on account of personal injury, deaths, or third parties on account of personal injury, deaths, or property damage arising out of the work to be performed by Contractor hereunder and resulting from the intentional and/or negligent acts or omissions of Contractor, its employees and agents."

●2 Insurance and indemnification are two distinct notions. A promise to obtain and pay for insurance is conceptually different from a promise to personally indemnify, thus assuming the responsibility for any damage or injury. (*St. John*, 155 Ill. App. 3d at 922, 508 N.E.2d at 1130.) The insurance and indemnity provisions at issue do not require indemnification for IBP's own negligent or intentional acts. However, they do protect IBP from liability due to CCI's conduct; they do not touch on the public policy concerns underlying the Act. See *Juretic v. USX Corp.* (1992), 232 Ill. App. 3d 131, 135, 596 N.E.2d 810, 813; *St. John*, 155 Ill. App. 3d at 921-22, 508 N.E.2d at 1130.

CCI cites *Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 484 N.E.2d 542, in which the court struck down an indemnity clause for violating the Act. The indemnification clause in *Shaheed* required the subcontractor to provide insurance for any liability caused by the acts or omissions of the subcontractor *or the concurrent negligence of the contractor.* (*Shaheed*, 137 Ill. App. 3d at 364, 484 N.E.2d at 551.) The contract required the subcontractor to provide insurance to cover the indemnity clause. Because the indemnity clause was void under the Act and was inextricably tied to

the insurance requirement, the insurance provision was also invalidated. Read together, these provisions held the contractor harmless for liability due to its own conduct, which is specifically prohibited under the Act.

Although not required to do so, we respond to an expanded argument made in CCI's petition for rehearing. CCI claims that *Motor Vehicle Casualty Co. v. GSF Energy, Inc.* (1989), 193 Ill. App. 3d 1, 7, 549 N.E.2d 884, 888-89, a case it previously cited only for a general proposition, requires us to invalidate the indemnification provisions because IBP can only be liable under the Structural Work Act for its own "wilful" acts. Since IBP's liability would require a finding of culpability, any attempt to indemnify IBP would violate the Act and its underlying public policy. This argument is unpersuasive.

In *Motor Vehicle Casualty*, the insurer sought a declaratory judgment that the indemnity agreement between the contractor, Hatfield, and the project owner, GSF, violated the Act. The contract provided that Hatfield would personally indemnify GSF for Hatfield's negligence. The court found that "an express agreement to reimburse GSF for liability directly attributable to its own violation of the [Structural Work] Act" is prohibited by the Indemnity Act (Ill. Rev. Stat. 1983, ch. 29, par. 61). (*Motor Vehicle Casualty*, 193 Ill. App. 3d at 7.) In the instant case, however, the issue is not the contractor's personal duty to indemnify IBP, but rather the breach of its contract obligation to provide insurance covering IBP. The inherent difference between an agreement to act as an indemnitor for another and an agreement to obtain insurance coverage for another makes *Motor Vehicle Casualty* inapplicable to the instant case. See *St. John*, 155 Ill. App. 3d at 922-24, 508 N.E.2d at 1130-32; *Zettel v. Paschen Contractors, Inc.* (1981), 100 Ill. App. 3d 614, 617-18, 427 N.E.2d 189, 191-92.

In addition, the insurer in *Motor Vehicle Casualty* argued that it had no duty to defend Hatfield against GSF's claim that Hatfield failed to procure the required insurance. The court specifically limited its analysis of this claim to the insurer's duty to defend and did not address its duty to indemnify. (*Motor Vehicle Casualty*, 193 Ill. App. 3d at 5, 549 N.E.2d at 236.) The duty to defend arose under the insurance policy between the insurer and the contractor, and the court's discussion did not include the underlying breach of contract claim brought by GSF. As previously stated, the present appeal does not concern CCI's personal duty to indemnify IBP nor its insurer's duty to defend it from IBP's breach of contract claim; the issue is whether CCI's contractual obligation to obtain insurance coverage for IBP is void under the Act.

Both *St. John* and *Zettel v. Paschen Contractors, Inc.* (1981), 100

Ill. App. 3d 614, more closely resemble the present case. The court in *Zettel* found the legislative intent was to preserve supplemental sources of reimbursement for injured parties by permitting a general contractor to obtain insurance to cover its liabilities. "It is immaterial whether the contractor obtains this insurance through an agent or broker or through a subcontractor. The same purpose is served— that of assuring compensation for injured workers." *Zettel*, 100 Ill. App. 3d at 619-20.

Since the indemnity clause here does not hold IBP harmless for its own acts, it is not void. The insurance requirement falls within the insurance exception to the Act and is not inextricably tied to an illegal indemnity clause.

This opinion is modified as noted above; the petition for rehearing is denied. The judgment of the circuit court of Rock Island County is reversed and the case remanded for trial.

Reversed and remanded.

SLATER, P.J., and McCUSKEY, J., concur.