**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2247

SEARS, ROEBUCK & CO.,

Third Party Plaintiff - Appellant,

v.

NAUTILUS, INC.,

Third Party Defendant - Appellee,

DAVID A. NEWMAN; CASSANDRA HALL NEWMAN,

Plaintiffs.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William Connelly, Magistrate Judge. (1:12-cv-03328-WGC)

Submitted:  June 30, 2015                Decided:  July 22, 2015

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph L. Beavers, Alexander P. Creticos, MILES & STOCKBRIDGE, PC, Baltimore, Maryland, for Appellant.  Ward B. Coe, III, James D. Bragdon, GALLAGHER EVELIUS & JONES LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Third Party Plaintiff Sears, Roebuck & Co. (Sears), appeals from the magistrate judge's order* granting summary judgment to Third Party Defendant Nautilus, Inc. (Nautilus), and denying its motion for summary judgment in its third party action for breach of contract. We affirm.

This court reviews de novo a district court's grant or denial of motions for summary judgment, Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir. 2013); Henson v. Liggett Grp., Inc., 61 F.3d 270, 274 (4th Cir. 1995). A grant of summary judgment is appropriate "only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Woollard, 712 F.3d at 873 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Additionally, this court may affirm on any ground presented in the record, even if it was not the basis on which the district court relied in awarding

---

* The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c)(1) (2012).

2

summary judgment.  Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).

We conclude after review of the record and the parties' briefs that the magistrate judge did not reversibly err in granting summary judgment to Nautilus on counts II and III of Sears' complaint and denying summary judgment to Sears on these counts. Judgment as a matter of law was properly granted to Nautilus on these counts alleging failure to procure insurance and failure to insure.  This is so because the agreement between Sears and Nautilus does not require insurance coverage for the negligence claims brought against Sears alone by plaintiffs David Newman and Cassandra Hall Newman.  See Buenz v. Frontline Transp. Co., 882 N.E.2d 525, 529 (Ill. 2008); Westinghouse Elec. Elevator Co. v. La Salle Monroe Bldg. Corp., 70 N.E.2d 604, 606-07 (Ill. 1947); Tanns v. Ben A. Borenstein & Co., 688 N.E.2d 667, 670 (Ill. App. Ct. 1997); Svenson v. Miller Builders, Inc., 392 N.E.2d 628, 638 (Ill. App. Ct. 1979); see also Nielsen v. United Servs. Auto. Ass'n, 612 N.E.2d 526, 529 (Ill. App. Ct. 1993) (listing elements of a breach of contract action).  We reject as without merit Sears' arguments that Illinois law requires a contrary reading of the agreement's insurance provision.

Accordingly, we affirm the magistrate judge's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED